# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES JOHN RODGERS, #186617** | § § § | **PETITIONER** |
| v. | § § § | Civil No. 1:16cv370-HSO-RHW |
| **PELICIA HALL,** *Commissioner, Mississippi Department of Corrections*, **and RONALD KING,** *Superintendent, Central Mississippi Correctional Facility* | § § § § § § | **RESPONDENTS** |

## ORDER ADOPTING MAGISTRATE JUDGE'S [11] REPORT AND RECOMMENDATION, AND DENYING [1] PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on the Report and Recommendation [11] of United States Magistrate Judge Robert H. Walker, entered in this case on June 5, 2019. The Magistrate Judge recommended that Petitioner James John Rodgers's Petition for Writ of Habeas Corpus be denied. R. & R. [11] at 19. Petitioner has not objected to the Report and Recommendation [11]. After due consideration of the Report and Recommendation [11], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [11] should be adopted, and that Petitioner's Petition for Writ of Habeas Corpus should be denied.

### I. BACKGROUND

A. <u>Factual background</u>

Petitioner James John Rodgers ("Petitioner" or "Rodgers") was indicted in the

Circuit Court of Harrison County, Mississippi, First Judicial District, in 2011 for the murder of Clinton Wade Jackson ("Jackson"). *See* R. [7-1] at 13. At trial, Petitioner claimed self-defense. The State offered instruction S-10, which the trial court gave the jury without objection from Petitioner's trial attorney. *See* R. [7-5] at 18. This instruction read as follows:

> The Court instructs the Jury that a person may not use more force than reasonably appears necessary to save his life or protect himself from great bodily harm. Where a person repels an assault with a deadly weapon, he acts at his own peril and the question of whether he was justified in using the weapon is for determination by the jury.
>
> The law tolerates no justification and accepts no excuse for an assault with a deadly weapon on the plea of self defense except that the assault by the Defendant on the victim was necessary or apparently so to protect the Defendant's own life, or the life of another human being, or his person, or another human being, from great bodily injury and there was imminent danger of such design being accomplished. The danger of life or of great personal injury must be or reasonably appear to be imminent, present at the time the Defendant commits the assault with a deadly weapon. The term "apparent" as used in "apparent danger" means such overt, actual demonstration by conduct and acts of a design to take life or do some great personal injury as would make the killing apparently necessary to self preservation.

R. [7-1] at 84.

The prosecutor referred to this instruction in her closing argument, first stating that "S-10 read to you by the court tells you that the law tolerates no justification and accepts no excuse for an assault with a deadly weapon on the plea of self-defense except that the assault by the defendant on the victim or necessary or apparently so [sic] to protect the defendant's own life." R. [7-5] at 39. The prosecutor later stated when discussing "deliberate design," that "[w]hen you point a gun at somebody and you shoot them in the chest, your design is to kill them.

2

That's straight forward. The real question is not in self-defense. And, ladies and gentlemen, that's when you need to look at S-10." *Id.* at 40. The jury found Petitioner guilty of murder. *See id.* at 63; *see also* R. [7-7] at 79 (Final Judgment).

Petitioner filed a direct appeal and, represented by new counsel, argued that the trial court erred in giving the State's jury instruction S-10 because it contained an incorrect statement of law. *See* R. [7-6] at 9-10 (appellant's brief) (citing *Flowers v. State*, 473 So. 2d 164 (Miss. 1985)). At issue was the language in S-10 stating that "he acts at his own peril." *See id.* Because Petitioner had not objected to this instruction at trial, the Mississippi Court of Appeals applied a plain-error standard of review. *See* R. [7-7] at 25. Noting that there were six jury instructions addressing self-defense, the Mississippi Court of Appeals found no plain error in including the "he acts at his own peril" language in instruction S-10. *See id.* at 26-30.

Petitioner also argued on direct appeal that there was insufficient evidence to convict him of murder and that the overwhelming weight of the evidence was against his conviction, *see id.* at 30-32, but the Mississippi Court of Appeals found both issues without merit, *see id.*; *see also Rodgers v. State*, 166 So. 3d 537 (Miss. Ct. App. 2014). Petitioner sought rehearing, which was denied, *see* R. [7-8] at 36-40, and then filed a Petition for Writ of Certiorari to the Mississippi Supreme Court, *see* R. [7-8] at 8-14, which was also denied, *see Rodgers v. State,* 166 So. 3d 38 (Miss. 2015).

Represented by new counsel, Petitioner filed an application in the Mississippi Supreme Court to proceed on a motion for post-conviction collateral relief in the

3

trial court. *See* R. [7-9] at 8-18. Petitioner raised three claims of ineffective assistance of counsel: (1) failure to object to the "at peril" language in instruction S-10; (2) failure to present a meaningful defense with regard to the "Castle Doctrine" defense; and (3) failure to obtain an expert witness to challenge the testimony of the State's expert. *See id*. at 12-16, 27-34. The Mississippi Supreme Court found that the first claim was barred under the doctrine of res judicata and that the other two failed to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See* R. [7-9] at 2-3. The Mississippi Supreme Court denied Petitioner's motion on June 29, 2016. *See id.*

B.  Procedural history

On October 17, 2016, Petitioner filed in this Court a Petition [1] under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Pet. [1] at 1-19. Liberally construed, Petitioner asserts the following grounds for relief: (1) the trial court erred by giving jury instruction S-10; (2) the trial court erred by suppressing testimony concerning the potential impact of the victim's drug use on his behavior; (3) Petitioner was not allowed to attend the grand jury session, and the grand jury was improperly instructed on the Castle Doctrine; (4) there was insufficient evidence to support a guilty verdict, such that the trial court erred in denying Petitioner's motion for a directed verdict; (5) the jury was improperly instructed on the application of the Castle Doctrine; (6) the prosecutor made improper comments during closing arguments; (7) the trial court improperly suppressed certain statements made by Petitioner to law enforcement; (8) the Mississippi Supreme Court violated Petitioner's constitutional rights by arbitrarily

denying his application to proceed with a petition for post-conviction collateral relief; and (9) Petitioner was denied effective assistance of counsel. Specifically, Ground 9 asserts that Petitioner's counsel was ineffective in the following respects: (A) failing to object to jury instruction S-10; (B) failing to object to the trial court's suppression of testimony regarding the impact of the victim's drug use; (C) failing to call an expert witness to challenge the State pathologist's testimony; (D) failing to object to the prosecutor's improper comments during closing arguments; (E) failing to adequately interview the State's witnesses; (F) failing to adequately investigate; and (G) failing to object to the trial court's suppression of certain statements made by Petitioner to law enforcement. *See id.*; *see also* R. [1-1] at 72-99.

Respondents filed an Answer [6], arguing that the Petition should be dismissed. *See* Ans. [6] at 10. On June 5, 2019, the Magistrate Judge entered a Report and Recommendation [11] that the Petition be denied. A copy of the Report and Recommendation [11] was mailed to Petitioner at his address of record on June 5, 2019. Petitioner has not filed any objections to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864

F.2d 1219, 1221 (5th Cir. 1989).

A habeas applicant under § 2254 ordinarily must first exhaust state remedies before presenting his claim to a federal habeas court. *See* 28 U.S.C. § 2254(b)(1)(A); *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal habeas claim to the highest state court." *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008). As the Magistrate Judge found, Petitioner's Grounds 2, 3, 5, 6, and 7, as well as sub-parts B, D, E, F, and G of Ground 9, have not been exhausted, are procedurally barred from review by this Court, and should be dismissed. *See* R. & R. [11] at 10. As for the remaining grounds advanced by Petitioner, the Magistrate Judge considered each and determined habeas relief was not warranted. *See id.* at 10-18.

Having conducted the required review of the record, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* The Petition should be denied.

### III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [11] as the opinion of this Court and will deny the Petition for Writ of Habeas Corpus.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [11] of United States Magistrate Judge Robert H. Walker, entered in this case on June 5, 2019, is adopted in its entirety as the finding of this Court.

6

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner James John Rodgers's Petition for Writ of Habeas Corpus is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 30th day of January, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE